ISRAEL TAGER, Doing Business under the Firm Name and Style of I. TAGER, Plaintiff, *v.* WOOL RAY PRODUCTS CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, July 2, 1936.

*Lhowe & Obstfeld [Emanuel A. Obstfeld* and *Herman Tocker* of counsel], for the plaintiff.

*Maurice Abrams,* for the defendant.

GENUNG, J. This action is brought to recover the purchase price of cotton yarns sold and delivered by the plaintiff to the defendant. There is an additional cause of action to recover certain alleged wrongful deductions from plaintiff's bills for goods sold to the defendant by the plaintiff.

The first cause of action is upon a single invoice annexed to the complaint wherein it appears that the plaintiff sold these cotton yarns at forty-one cents per pound. The defendant admits a definite sum to be owing but claims, as a defense to the balance, that he was entitled to a credit for processing taxes alleged to have been levied by the plaintiff pursuant to the Agricultural Adjustment Act (U. S. Code, tit. 7, §§ 601–624) and that the tax was declared unconstitutional and void by the United States Supreme Court. (*United States of America* v. *Butler*, 297 U. S. 1; 80 L. Ed. 287.) The amount admitted by the defendant to be due plus the amount of the claimed deduction aggregates the exact amount claimed by plaintiff in his complaint.

Thus, the only defense asserted is the claim arising out of the alleged processing tax. Although the action is brought upon a single invoice, the defendant claims credits arising out of purchases extending over the period between August 2, 1935, and October 13, 1935.

Neither in the answer nor in the answering affidavit does defendant claim any express agreement; it is merely alleged that the invalidation by the United States Supreme Court of the processing tax requires the return of the same by the plaintiff to the defendant.

Plaintiff's moving affidavit alleges a sale of cotton yarn at the straight rate of forty-one cents per pound without the inclusion of the processing tax. Plaintiff alleges affirmatively the absence of any agreement either to include the tax or to make any refund if the same were declared invalid; the plaintiff further claiming that the purchase price of these goods was fixed by him in open competition. None of these allegations is denied in the defendant's answering affidavit.

The defendant, therefore, has shown no facts to substantiate its claim of payment of processing tax to the plaintiff, of any receipt by the plaintiff of a processing tax, of any agreement with respect to such tax or of any agreement to make refund.

The Agricultural Adjustment Act, which has been declared unconstitutional by the United States Supreme Court, did not, as defendant contends, require the plaintiff to levy a processing tax on his customers. The plaintiff was not an original processor and section 609, subdivision d, paragraph 6, clause A, of the invalidated act provides that the processing tax shall be levied, assessed and collected upon the first domestic processor. The plaintiff states, and it is not denied, that he is not the first domestic processor. Elsewhere in the act it was provided that such processor might absorb the tax. (§ 623, subd. d, ¶ 1.)

This latter provision requires that even in a claim for a refund by the first processor against the government the claimant must show that he did not directly or indirectly include the amount of the tax in the price of the article and that he did not pass on any part of the tax to his vendee.

The reason for and justice of this provision is obvious. (*United States* v. *Jefferson Electric Mfg. Co.*, 291 U. S. 386.) Accordingly, to substantiate the defense, here pleaded, it would be equitable to require defendant to show a complete absorption of what it claims to have been a processing tax charged against and paid by it. This, defendant has made no effort to do. On the other hand, the plaintiff points out that defendant resold the yarns in question and plausibly argues that defendant undoubtedly based his selling price upon its cost of forty-one cents per pound.

The decision of Mr. Justice MILLER at Special Term, in *Leshin* v. *Terminal Cab Corp.* (N. Y. L. J. March 13, 1934, p. 1208), concerns a somewhat similar situation. A local law imposing a tax upon taxicab riders having been declared unconstitutional, an action was brought by a passenger to recover the tax paid. The court, in dismissing the complaint, said: " The extra five cents for each fare collected under the ordinance which went into effect on October 1, 1933, and which was subsequently held unconstitutional does not belong to the passengers who paid it (*Kramer* v. *Beacon Transportation Co.*, Spec. Term, Part III, N. Y. L. J. Dec. 16, 1933). The tax of five cents was not imposed upon the passenger, but upon the licensee of each taxicab. The public was under no obligation to pay the tax. Under the ordinance the fare charged by the operator of the taxicab was increased. The fact, however, that the license fee imposed has been held null and void does not entitle the passenger to the return of the increase in the fare."

The situation here is very much the same and defendant's defense is likewise insufficient.

There is no basis to defendant's claim and the motion for summary judgment is accordingly granted.